CURTIS *v.* CURTIS.

DIVORCE—ALIMONY—EXCESSIVE AWARD.

On granting a decree of divorce to the wife on the ground
of extreme cruelty, an award of $3,500 permanent alimony
and $20 a week for the support of a son 16 months old,
where the · wife is without means of support and the
husband, who was in the wrong, was earning $400 a
month and was the owner of corporate stock worth from
$7,500 to $28,000, was not unreasonable or excessive.

Appeal from Wayne; Goff (John H.), J. Submitted April 4, 1922. (Docket No. 8.) Decided October 2, 1922.

Bill by Norma C. Curtis against Edgar A. Curtis for a divorce. From a decree for plaintiff, defendant appeals. Affirmed.

*Fixel & Fixel,* for plaintiff.

*Charles P. O'Neil,* for defendant.

MCDONALD, J. This is an action for divorce. The parties were married on the 1st day of June, 1918. They separated May 9, 1919. After their separation a boy child was born which is now in the custody of the mother. The bill alleges extreme cruelty. The defendant's answer denies all the allegations of the bill, and asks affirmative relief in a cross-bill alleging cruelty. On the hearing the defendant abandoned his cross-bill and only partially attempted to refute the charges of cruelty testified to by the plaintiff. The circuit judge decreed the plaintiff an absolute divorce, awarded her $3,500 permanent alimony and $20 a

week for the support of the minor child until it reaches the age of 16 years.     From this decree defendant has appealed.     His only complaint, however, in this court is that the amount awarded for permanent alimony and for the support of the child are unreasonable and excessive.

In determining this question we need only consider "the past relations and conduct of both parties, the health and age of each, whether or not either is responsible for support of others, the amount and source of the husband's property, their station in life and manner of living, and especially, in view of all the testimony in the case, what sum will leave the financial condition of the wife during her life not inferior to what it would be if the husband's conduct had been correct and the marriage undissolved." *Bialy* v. *Bialy,* 167 Mich. 559 (Ann. Cas. 1913A, 800).

Both of the parties came from good families.     Their marriage took place after an acquaintance of two years, and in all probability would have been a happy one had it not been for defendant's amorous attentions to other women.     The record shows the plaintiff without fault; she has done nothing to forfeit her right to that support and maintenance which the marriage contract requires of the defendant.     Through no fault of her own she is out in the world without means, without a home and with a baby 16 months old to care for and support.     If she performs her duty to the child, years must elapse before she can do anything towards her own maintenance.     Under the circumstances, was the court too liberal in awarding her $3,500 permanent alimony?     It requires no argument to convince the court that the amount awarded is insufficient to provide for her needs during the years in which she must give her time and attention to the care and education of the child.     At least, she will be compelled to forego some of the necessary modern comforts which the people of her station are accustomed

to enjoy, and which she should have enjoyed if the defendant had carried out the marriage contract. As to the child, he had no choice in the matter of his birth, but it was his right to be reared in a home where he could have the society, assistance and care of the father as well as of the mother. This rightful heritage is denied him because of the wrongful conduct of the defendant. He must be reared in another home, and this situation, which the defendant has voluntarily created, necessarily increases the cost of his support.

These facts as to the needs of the plaintiff and her minor child suggest an inquiry as to defendant's financial ability to contribute to their support and maintenance. At the time of the hearing, he was secretary of the Detroit Door & Sash Company, drawing a salary of $400 a month. He owned 30 per cent. or 750 shares of the capital stock of that company of the par value of $10 per share. The plaintiff claims that his interest in this company is of the value of $28,000. The defendant says that it is not worth more than $7,500. We do not deem it necessary to enter into any profitless discussion of the testimony in regard to the financial condition of this company. We have carefully considered it, and are satisfied that the amounts awarded by the circuit judge are reasonable and should not be disturbed.

The decree is affirmed, with costs to the plaintiff, including an attorney fee of $150.

FELLOWS, C. J., and WIEST, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.